UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FRANCISCO VELASQUEZ-ALEMAN,

Petitioner,

v. Case No. 3:26-cv-2282-MMH-PDB

WARDEN, NORTH FLORIDA DETENTION FACILITY and U.S. ATTORNEY GENERAL,

Respondents.

**ORDER**

Petitioner Francisco Velasquez-Aleman, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1) on September 1, 2026. Velasquez-Aleman, a citizen of Nicaragua, entered the United States on December 29, 2021. Doc. 7-1 at 3. On August 23, 2026, United States Immigration and Customs Enforcement detained Velasquez-Aleman following a traffic stop. Id. at 2. The crux of Velasquez-Aleman's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and therefore, he is entitled to a bond hearing. Doc. 1 at 6. As relief, he requests immediate release. Id. at 7.

The Federal Respondent recognizes that Velasquez-Aleman is entitled to an individualized bond hearing based on the Eleventh Circuit Court of Appeals'

recent decision in Hernandez Alvarez v. Warden, Federal Detention Center Miami, 175 F.4th 1258 (11th Cir. 2026) (concluding that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior"). Doc. 7 at 2–3. Nevertheless, the Federal Respondent argues that Velasquez-Aleman has not exhausted his administrative remedies, and therefore, asks the Court to dismiss the Petition. Id. at 4–6.

The Court turns first to the question of exhaustion. A petitioner must exhaust all available administrative remedies before filing a § 2241 petition in federal court. See Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015). While exhaustion is not a jurisdictional requirement, a federal court may not disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense. Id. at 474–75.

It appears Velasquez-Aleman has failed to exhaust his administrative remedies because he has not requested a bond redetermination before an immigration judge. Contrary to the context in which the Court previously excused a failure to exhaust by requesting a bond redetermination, before Velasquez-Aleman filed the Petition, the Eleventh Circuit concluded that noncitizens detained within the interior of the United States, such as Velasquez-Aleman, are entitled to a bond hearing. And the Board of

Immigration Appeals (BIA) "is obliged to apply the precedent of the relevant court of appeals in cases arising within the associated circuit—even if the Attorney General or the BIA itself disagrees with that precedent." Garcia v. Garland, 73 F.4th 219, 230 n.7 (4th Cir. 2023); see also Stevens v. Osuna, 877 F.3d 1293, 1303 (11th Cir. 2017) ("Immigration Judges are also bound both by agency precedent and by precedent established by the federal appellate courts." (citation omitted)). As such, the Court is no longer persuaded, without more, that a request for a bond redetermination would be futile or "predetermined." Therefore, the Petition is due to be dismissed without prejudice for failure to exhaust.

Accordingly, it is **ORDERED**:

1. Velasquez-Aleman's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED without prejudice**.

2. Respondent Warden's Motion to Dismiss (Doc. 6) is **DENIED as moot**.

3. The **Clerk** is directed to update Velasquez-Aleman's address to Folkston Main IPC, 3026 GA-252 E, Folkston, Georgia, 31537.

4. The **Clerk** is directed to terminate any motions, enter judgment dismissing the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of October, 2026.

Marcia Morales Howard

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 10/2
c:
Francisco Velasquez-Aleman, #A220677320
Counsel of Record